## John A. Fulwiler v. Susan Welch.

1. GUARDIAN AD LITEM—*Power of the Circuit Court to Tax the Fees Of.*—The Circuit Court has no power to tax against an unsuccessful party the fee of a guardian *ad litem* for services rendered by him in behalf of minor defendants in a suit in the Supreme Court.

**Motion to Tax Fees of a Guardian ad Litem.**—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Order affirmed. Opinion filed December 7, 1900.

JOHN A. FULWILER, guardian *ad litem* and attorney *pro se;* JAMES S. EWING, of counsel.

TIPTON & TIPTON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Susan Welch filed in the Circuit Court of McLean County a bill in chancery for the purpose of obtaining judicial construction of a deed, conveying to her 320 acres of land for life, with remainder to the heirs of her body. Frank Welch and Jerome Welch, the only children of her body, were made defendants. The defendants being minors, John A. Fulwiler, an attorney at law, was appointed guardian *ad litem* to represent them.

The construction sought by the bill was that Mrs. Welch took by deed a fee simple title, and that the clause limiting her estate to one for life and creating the remainder was void. Fulwiler interposed a demurrer and argued it before the Circuit Court. The court sustained the demurrer and dismissed the bill at the complainants' costs. An appeal was prosecuted to the Supreme Court, where Fulwiler represented his wards in a printed brief and argument, and the decree of the Circuit Court was affirmed. Afterward, Fulwiler entered his motion in the Circuit Court for a guardian *ad litem's* fee, and the court, upon a hearing, allowed him a fee of $25 and directed the same to be taxed as costs. Not satisfied with the allowance, he prosecutes this appeal from the order.

The contest here is between Mrs. Welch and Fulwiler. It is contended that Fulwiler is entitled to a guardian *ad litem* fee against her for services rendered his wards as an attorney in the Circuit and Supreme Courts. Evidence was introduced placing the value of those services at $700.

The practice is to tax a guardian *ad litem* fee as costs, and it is clear to our minds that a Circuit Court has no power to tax against an unsuccessful complainant the fee of a guardian *ad litem* for services rendered by him in behalf of minor defendants in the Supreme Court. No attempt was made in the introduction of evidence to separate the value of services rendered in the Circuit Court from the value of those rendered in the Supreme Court. The testimony of Fulwiler's witnesses fixed in gross the value of the services rendered by him in both courts.

Evidently the Circuit Court allowed only for services rendered as guardian *ad litem* in that court. Mrs. Welch questions the allowance that was made, and, to that end, has assigned a cross-error. The court was justified in allowing $25. It is undisputed that when Mrs. Welch's solicitor told Fulwiler of his intention to have him appointed guardian *ad litem* for the minors and that Fulwiler inquired if there would be five dollars in it for him that her solicitor replied that there would be $25 in it for him. It was with that understanding that the appointment was made and accepted, and that doubtless controlled the court in fixing the allowance. Order affirmed.